1   Stephen P. Brunner, No. 94970
    ANGELL, BRUNNER & ANGELL
2   115 Sansome Street, Suite 1200
    San Francisco, California 94104
3   Telephone: (415) 434-3700
    Facsimile: (415) 434-3622
4   Email: aba@sonic.net

5   Attorneys for Plaintiff
    LANDMARK EDUCATION LLC, a Delaware limited liability company
6

7

8                    UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

10

11  LANDMARK EDUCATION LLC, a      CV  09        2345   JCS
    Delaware limited
12  liability company,
                                   )
13              Plaintiff,         )    COMPLAINT FOR COPYRIGHT
                                   )    INFRINGEMENT, BREACH OF
14              v.                 )    CONTRACT, COMMON LAW UNFAIR COM-
                                   )    PETITION, INTERFERENCE WITH PRO-
15  TAL RONEN, an individual,      )    SPECTIVE ECONOMIC ADVANTAGE,
    and THE COACHING ACADEMY, a    )    BREACH OF THE IMPLIED COVENANT
16  business entity,               )    OF GOOD FAITH AND FAIR DEALING,
                                   )    AND FOR DECLARATORY RELIEF
17              Defendants.        )
    _____ )
18

19

20

21              Plaintiff alleges:

22                       THE PARTIES

23      1.   Plaintiff, LANDMARK EDUCATION LLC ("Landmark"), is a

24  limited liability company duly organized and existing under the laws

25  of the State of Delaware.  Landmark is a global enterprise engaged in

26  the business of delivering transformational programs to individuals,

ANGELL, BRUNNER
& ANGELL
SAN FRANCISCO

1 either directly or through wholly-owned subsidiaries, including in
2 the State of Israel. Landmark was and is qualified to engage in and
3 is engaging in business in this district, and is headquartered in San
4 Francisco, California.

5 2. Landmark is informed and believes and on that basis al-
6 leges that defendant, TAL RONEN ("Ronen"), is an individual citizen
7 of the State of Israel and a resident of Tel Aviv, Israel, and that
8 defendant, THE COACHING ACADEMY (the "Academy"), is a business entity
9 owned and operated by Ronen with its principal place of business in
10 the State of Israel.

11 3. Landmark is informed and believes and on that basis al-
12 leges that at all relevant times, Ronen acted individually or as the
13 agent, employee or representative of Academy within the course, scope
14 and authority of any such relationship. Landmark is informed and
15 believes and on that basis alleges that each defendant aided and
16 abetted the actions of each other defendant as alleged herein, and
17 that each defendant knew or ratified said actions and assisted and
18 benefitted from said actions, in whole or in part.

19 FACTS COMMON TO ALL CLAIMS

20 4. On or about August 19, 2005, Ronen registered to be a
21 participant in Landmark's The Landmark Forum (the "Program") in Los
22 Angeles, California, pursuant to written forms completed and executed
23 by Ronen on or about the same day (the "contract"). Landmark is
24 informed and believes and on that basis alleges that Ronen traveled
25 to California from Israel to participate in the Program. Consistent
26 with the contract, Landmark presented the Program on August 19, 20,

ANGELL, BRUNNER
& ANGELL
SAN FRANCISCO

COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC. page 2

1 and 21, 2005 to a group of participants including Ronen. Landmark is
2 informed and believes and on that basis alleges that Ronen previously
3 also had traveled to California to participate in other Landmark
4 programs in California. Landmark is informed and believes and on
5 that basis alleges that on or about May 18, 2007, Ronen also traveled
6 to San Francisco, California, from Israel to participate in Land-
7 mark's Conference for Global Transformation. Landmark is informed
8 and believes and on that basis alleges that Ronen has had continuous
9 and systematic business contacts in the United States and in Califor-
10 nia.

11      5.   The Program is Landmark's unique course of instruction
12 designed to support participants in being more effective in realizing
13 their personal and societal goals. Through a series of philosophi-
14 cally rigorous and open discussions, voluntary sharing of partici-
15 pants' experiences, and short exercises, the Program provides an
16 opportunity to explore basic questions that have been of interest to
17 human beings throughout time and to examine many aspects of each
18 participant's own life. The Program offers a unique, proprietary
19 technology through which participants create new possibilities for
20 their lives.

21      6.   In order to promote and respect the confidentiality of
22 Program participants and Landmark's intellectual property, the con-
23 tract included a Confidentiality Agreement and the following express
24 representations, covenants, warranties, and agreements by Ronen:

25           a.   Ronen registered in the Program under his own name
26 for the sole purpose of participating in the Program;

ANGELL, BRUNNER
& ANGELL
SAN FRANCISCO

COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.                    page 3

1          b.     Ronen agreed to not publish, broadcast or disclose
2 or to assist another person or organization to publish, broadcast or
3 disclose the identity, likeness, or actual or paraphrased comments of
4 other Program participants, Landmark staff, or people who assisted
5 during the Program;

6          c.     Ronen agreed to not film, videotape, audiotape or
7 otherwise record, by electronic, digital or any other means, all or
8 any portion of the Program, and to not record or take pictures, or
9 assist another person or organization to record or take pictures of
10 any kind or nature, of all or any portion of the Program or of any
11 participants in the Program, Landmark's staff, or people who assisted
12 during the Program;

13          d.     Ronen agreed to not take into the Program room a
14 tape or video recorder, movie or still camera, or any device, elec-
15 tronic or otherwise, intended to record the voice or likeness of any
16 person in the Program room;

17          e.     Ronen agreed that any breach of the contract shall
18 constitute, among other things, a breach of contract and trespass for
19 which Landmark shall have the right to full and equitable recourse,
20 including injunctive or other extraordinary relief and damages; and,

21          f.     Ronen acknowledged that his breach of the contract
22 will cause Landmark irreparable and substantial harm even though it
23 may be impossible to ascertain the full monetary extent of Landmark's
24 financial loss.

25      7.     The contract also included a Proprietary Materials Agree-
26 ment and the following express agreements by Ronen that:

ANGELL, BRUNNER
& ANGELL
SAN FRANCISCO

COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.                    page 4

1          a.    all materials, concepts, and information (collec-
2 tively "Materials") presented by Landmark during the Program, either
3 orally or in writing, are Landmark's property and are protected by
4 copyright, trade secret, and other applicable law;

5          b.    the Materials constitute commercially valuable,
6 proprietary, confidential property of Landmark, the design and devel-
7 opment of which required Landmark's investment of substantial effort,
8 time and money;

9          c.    all rights in the Program are expressly reserved by
10 Landmark;

11          d.    Ronen would not reproduce, copy, or otherwise dupli-
12 cate, and not distribute, lend, or otherwise transfer the Materials
13 without the prior written permission of Landmark;

14          e.    Ronen would not use the Materials in any way that
15 would compromise the confidential and proprietary nature of the Mate-
16 rials;

17          f.    Ronen would not resell, reproduce and sell, modify
18 and sell, or repackage and sell the Materials;

19          g.    Ronen would not use the Materials for any purpose
20 other than Ronen's own personal use except with the prior written
21 permission of Landmark; and,

22          h.    Ronen would not deliver the Materials themselves,
23 either reproduced or modified, or anything derived from the Materi-
24 als, either orally or in writing, as part of any seminar, training
25 program, workshop, consulting, or similar business activity which
26 Ronen made available to Ronen's clients or to others, except with the

ANGELL, BRUNNER
& ANGELL
SAN FRANCISCO          COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.                    page 5

1 prior written permission of Landmark.

2     8.   Landmark: (a) has not given Ronen or Academy, or either
3 of them, written permission under the contract, or otherwise, to do
4 any commercial act or thing, and (b) has performed all conditions and
5 obligations to be performed on Landmark's part under the contract, or
6 (c) has been legally excused from performing all conditions and obli-
7 gations, if any, to be performed on its part under the contract by
8 the acts and omissions of Ronen and Academy, and each of them, as
9 herein alleged.

10     9.   Landmark is informed and believes and on that basis al-
11 leges that Ronen from and after August 19, 2005 or May 18, 2007,
12 accessed, recorded, reproduced, copied, or otherwise duplicated in
13 California some or all of the Program and the Materials, in some
14 instances verbatim, and that thereafter Ronen and Academy, and each
15 of them, have been and currently are commercially using, reproducing,
16 publishing, broadcasting, disclosing, duplicating, selling and re-
17 selling, and repackaging, orally and in writing, the Program and the
18 Materials in seminars, training programs, workshops, consulting, and
19 similar business activities in the State of Israel to the irreparable
20 and substantial harm of Landmark. Landmark is further informed and
21 believes and on that basis alleges that Ronen's and Academy's teach-
22 ing/training manual is in some respects indistinguishable from the
23 Program and the Materials. As examples, attached and incorporated as
24 Exhibit A are two pages from what Landmark understands to be Ronen's
25 and Academy's teaching/training manual in use in Israel. The con-
26 tent, form, and format of the pages are substantially similar to and

1 identical in material respects with the Program and Materials thus
2 making said defendants' seminars, training programs, workshops, con-
3 sulting, and similar business activities in the State of Israel iden-
4 tical to the Program and the Materials, and indistinguishable from
5 the Program and the Materials by the average audience or ordinary
6 observer.

7                    JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

8       10.    This Court has subject matter jurisdiction over Land-
9 mark's copyright infringement and related claims pursuant to 17 USC
10 §501, and 28 USC §§1331, 1332(a)(2) and 1338(a).  This Court has
11 supplemental jurisdiction over Landmark's claims under the laws of
12 California and Delaware pursuant to 28 USC §§1338(b) and 1367(a)
13 because said claims are joined with substantial and related claims
14 under Federal law, and because said claims form part of the same case
15 or controversy and derive from a common nucleus of operative facts.

16      11.    Venue arises under 28 USC §§1391 and 1391(d) because
17 Landmark is located in the Northern District of California, San Fran-
18 cisco Office, and because defendants, and each of them, as aliens may
19 be sued in any federal district.  Pursuant to Civil L.R. 3-2(c), this
20 Intellectual Property Action is an excepted category but nevertheless
21 properly filed in the San Francisco Division.

22                           FIRST CLAIM FOR RELIEF
       (Continuing Copyright Infringements per 17 USC §§501, et seq. -
23                              All Defendants)

24      12.    Landmark repeats and incorporates paragraphs 1 through 11
25 as though set forth in full.

26      13.    Landmark owns all right, title, and interest in and to

ANGELL, BRUNNER
& ANGELL
SAN FRANCISCO    COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.                    page 7

1 "The Landmark Forum Leaders Manual", and related materials covered by
2 Landmark's Certificate of Registration, including but not limited to
3 the exclusive rights to present the Program and to use and distribute
4 the Program and the Materials. Attached and incorporated as Exhibit
5 B is a true and correct copy of Landmark's operative Certificate of
6 Registration. If applicable, visually perceptible copies of the
7 Program and the Materials published in the United States or elsewhere
8 by authority of Landmark bear a notice of copyright pursuant to 17
9 USC §401. Landmark has the exclusive rights to do and to authorize
10 the acts set forth in 17 USC §106, and as applied to the State of
11 Israel as a signatory or successor to a signatory of the Universal
12 Copyright Convention and the Berne Convention, pursuant to, *inter*
13 *alia,* 17 USC §§102, 103 and 104(b).

14     14.     Landmark is informed and believes and on that basis al-
15 leges that Ronen and Academy, and each of them, infringed and are
16 infringing Landmark's copyright by accessing, recording, reproducing,
17 copying, and otherwise duplicating some or all of the Program and the
18 Materials in California and by thereafter commercially using, repro-
19 ducing, publishing, broadcasting, disclosing, duplicating, selling
20 and reselling, and repackaging, orally and in writing, the Program
21 and the Materials in seminars, training programs, workshops, consult-
22 ing, and similar business activities in the State of Israel, without
23 Landmark's approval or authorization. Landmark is informed and be-
24 lieves and on that basis alleges that defendants' first infringing
25 acts took place in California as alleged herein. This is a case of
26 continuing copyright infringements and an action brought for all

ANGELL, BRUNNER
& ANGELL
SAN FRANCISCO

COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.                              page 8

1 infringing acts by Ronen and Academy, and each of them, that accrued
2 within the three years preceding the filing of this lawsuit.

3     15.    Landmark is informed and believes and on that basis al-
4 leges that the conduct of Ronen and Academy, and each of them, has
5 been and is willful within the meaning of The Copyright Act, *inter*
6 *alia*, because the acts and failures to act by Ronen and Academy, and
7 each of them, as herein alleged have been with willful blindness to
8 and in reckless disregard of Landmark's registered copyright.

9     16.    Ronen and Academy, and each of them, are liable to Land-
10 mark for copyright infringement. As one result, said copyright in-
11 fringement has caused, is causing, and will cause Landmark to suffer
12 substantial losses and severe and irreparable harm. Losses and ir-
13 reparable harm include damage to Landmark's business reputation and
14 goodwill. Landmark therefore is entitled to recover as and against
15 Ronen and Academy, and each of them, damages including for Landmark's
16 losses and for all profits said defendants have made pursuant to 17
17 USC §504(b), for at least the three years preceding the filing of
18 this complaint. Alternatively, Landmark is entitled to statutory
19 damages pursuant to 17 USC §504(c). Additionally, Landmark is enti-
20 tled to enhancement of said statutory damages pursuant to 17 USC
21 §504(c)(2) because of Ronen's and Academy's willful infringement, as
22 herein alleged.

23     17.    Landmark also is entitled to recover its costs and rea-
24 sonable attorney's fees pursuant to 17 USC §505.

25     18.    Other than as alleged herein, Landmark does not have
26 direct access to Ronen's and Academy's materials infringing the Pro-

1   gram and the Materials.  Landmark's discovery in the within matter is
2   expected to result in:    (a) injunctive relief as and against Ronen
3   and Academy, and each of them, and their licensees, if any, pursuant
4   to 17 USC §502, (b) an order impounding copies of all infringing and
5   derivative materials pursuant to 17 USC §§503, (c) an order freezing
6   the bank accounts used by Ronen and Academy, and each of them, to
7   profit from their infringing conduct, (d) an accounting, (e) the
8   imposition of a constructive trust in favor of Landmark for all said
9   profits, and (f) preliminary and injunctive relief against said de-
10  fendants, and their licensees if any, enjoining them, and each of
11  them, from infringing Landmark's copyright.

12      WHEREFORE, Landmark prays for judgment as set forth below.

13                      SECOND CLAIM FOR RELIEF
                    (Breach Of Contract - Ronen)
14
15      19.    Landmark repeats and incorporates paragraphs 1 through 18
    as though set forth in full.
16
17      20.    Landmark is informed and believes and on that basis al-
18  leges that Ronen breached the contract by *inter alia* accessing, re-
19  cording, reproducing, copying, and otherwise duplicating some or all
20  of the Program and the Materials in California and thereafter by
    commercially using, reproducing, publishing, broadcasting, disclos-
21
22  ing, duplicating, selling and reselling, and repackaging, orally and
23  in writing, the Program and the Materials in seminars, training pro-
24  grams, workshops, consulting, and similar business activities in the
    State of Israel, without Landmark's approval or authorization.
25
26      21.    As a direct and proximate result of Ronen's breaches of

ANGELL, BRUNNER
& ANGELL
SAN FRANCISCO    COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.                    page 10

the contract, Landmark has suffered and is suffering substantial injuries and damages, including loss of business, loss of participants, and damage to Landmark's business reputation and goodwill.

22. The contract includes an Arbitration Agreement to which Academy is not a party. Said agreement includes a provision for arbitration pursuant to the rules of the American Arbitration Association. Given the non-contracting essential defendant (Academy), the limited scope of the Arbitration Agreement, defendants' continuing copyright infringements in Israel, the foreign citizenship and residence of all defendants, the lapse of time, and the ineffectiveness of an equitable remedy through arbitration, Landmark has been legally excused from performing all conditions and obligations, if any, to be performed on its part under the Arbitration Agreement by the acts and omissions of Ronen as herein alleged.

WHEREFORE, Landmark prays for judgment as set forth below.

## THIRD CLAIM FOR RELIEF
(Common Law Unfair Competition - All Defendants)

23. Landmark repeats and incorporates paragraphs 1 through 18 as though set forth in full.

24. The acts and omissions to act of and by Ronen and Academy, and each of them, as herein alleged constitute common law unfair competition. Landmark is informed and believes and on that basis alleges that Ronen and Academy, and each of them, are commercially using, reproducing, publishing, broadcasting, disclosing, duplicating, selling and reselling, and repackaging, orally and in writing, the Program and the Materials in seminars, training programs, work-

ANGELL, BRUNNER
& ANGELL
SAN FRANCISCO

COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.

2845-JCS Document1 Filed05/28/09 Page12 of 24

1 shops, consulting, and similar business activities in the State of
2 Israel, without Landmark's approval or authorization.

3    25.   Landmark is informed and believes and on that basis al-
4 leges that Ronen participated in the Program and obtained some or all
5 of the Materials in California with the purpose and design of commer-
6 cially using, reproducing, publishing, broadcasting, disclosing,
7 duplicating, selling and reselling, and repackaging, orally and in
8 writing, the Program and the Materials in seminars, training pro-
9 grams, workshops, consulting, and similar business activities in the
10 State of Israel, without Landmark's approval or authorization.

11    26.   Landmark is informed and believes and on that basis al-
12 leges that Academy has ratified Ronen's wrongful acts and failures to
13 act as herein alleged, and that Ronen and Academy thus have been
14 unjustly enriched and have unfairly profited from their acts of un-
15 fair competition through their use of Landmark's proprietary Program
16 and Materials.

17    27.   As a direct and proximate result of Ronen's and Academy's
18 unfair competition, Landmark has suffered and is suffering substan-
19 tial injuries and damages, including lost profits, loss of business,
20 loss of participants, and damage to Landmark's business reputation
21 and goodwill.

22    28.   Defendants' acts and omissions to act as alleged in this
23 cause of action were willful, intentional, and unprivileged and were
24 done with malice, oppression, and fraud.  Therefore, in addition to
25 actual damages as herein prayed, Landmark seeks to recover damages
26 from defendants for the sake of example and by way of punishing de-

ANGELL, BRUNNER
& ANGELL
SAN FRANCISCO

COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.                    page 12

1 fendants, and each of them.

2 WHEREFORE, Landmark prays for judgment as set forth below.

3 FOURTH CLAIM FOR RELIEF
(Interference With Prospective Economic Advantage -
4 All Defendants)

5 29. Landmark repeats and incorporates paragraphs 1 through 18
6 as though set forth in full.

7 30. Landmark's global business of delivering transformational
8 programs to individuals includes such business in the State of Isra-
9 el. Landmark delivers the Program and the Materials to individuals
10 in Israel, either directly or through wholly-owned subsidiaries, and
11 facilitates delivery of and provides opportunities for people in
12 Israel to experience the Program, Materials, and special Landmark
13 events.

14 31. Landmark is informed and believes and on that basis al-
15 leges that Ronen and Academy, and each of them, have prevented,
16 usurped, and interfered with Landmark's relationships with and pro-
17 spective relationships with those who participate in Ronen's and
18 Academy's seminars, training programs, workshops, consulting, and
19 similar business activities in the State of Israel, in lieu of par-
20 ticipating in the Program, by improperly and tortiously using, repro-
21 ducing, publishing, broadcasting, disclosing, duplicating, selling
22 and reselling, and repackaging, orally and in writing, the Program
23 and the Materials.

24 32. The conduct of Ronen and Academy, and each of them, con-
25 stitutes tortious interference with prospective economic advantage in
26 violation of Landmark's common law rights.

ANGELL, BRUNNER
& ANGELL
SAN FRANCISCO

COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC. page 13

1    33.   As a direct and proximate result of Ronen's and Academy's
2 tortious interference with Landmark's prospective economic advantage,
3 Landmark has suffered and is suffering substantial injuries and dam-
4 ages, including loss of business, loss of participants, and damage to
5 Landmark's business reputation and goodwill.

6    34.   Defendants' acts and omissions to act as alleged in this
7 cause of action were willful, intentional, and unprivileged and were
8 done with malice, oppression, and fraud.   Therefore, in addition to
9 actual damages as herein prayed, Landmark seeks to recover damages
10 from defendants for the sake of example and by way of punishing de-
11 fendants, and each of them.

12       WHEREFORE, Landmark prays for judgment as set forth below.

13                     FIFTH CLAIM FOR RELIEF
              (Breach Of The Implied Covenant Of Good Faith
14                    And Fair Dealing - Ronen)

15    35.   Landmark repeats and incorporates paragraphs 1 through 18
16 as though set forth in full.

17    36.   The contract contains an implied covenant of good faith
18 and fair dealing which obligated Ronen to perform the terms and con-
19 ditions of the contract fairly and in good faith, and to refrain from
20 any act that would prevent or impede Landmark from performing any or
21 all of the conditions and obligations to be performed on its part, or
22 any act that would deprive Landmark of the benefits of the contract.

23    37.   Landmark has performed all conditions and obligations to
24 be performed on Landmark's part under the contract, or has been le-
25 gally excused from performing all conditions and obligations, if any,
26 to be performed on its part under the contract by the acts and omis-

ANGELL, BRUNNER
& ANGELL
SAN FRANCISCO    COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.                    page 14

1 ‖ sions of Ronen as herein alleged.

2 ‖     38.   Ronen breached the implied covenant of good faith and
3 ‖ fair dealing by his acts and omissions, known and unknown, including
4 ‖ by accessing, recording, reproducing, copying, and otherwise dupli-
5 ‖ cating some or all of the Program and the Materials in California and
6 ‖ thereafter by commercially using, reproducing, publishing, broadcast-
7 ‖ ing, disclosing, duplicating, selling and reselling, and repackaging,
8 ‖ orally and in writing, the Program and the Materials in seminars,
9 ‖ training programs, workshops, consulting, and similar business activ-
10 ‖ ities in the State of Israel, without Landmark's approval or authori-
11 ‖ zation.

12 ‖     39.   As a direct and proximate result of Ronen's breach of the
13 ‖ implied covenant of good faith and fair dealing, Landmark has suf-
14 ‖ fered and is suffering substantial injuries and damages, including
15 ‖ lost profits, loss of business, loss of participants, and damage to
16 ‖ Landmark's business reputation and goodwill.

17 ‖     WHEREFORE, Landmark prays for judgment as set forth below.

18 ‖                    SIXTH CLAIM FOR RELIEF
            (Declaratory Relief - All Defendants)
19

20 ‖     40.   Landmark repeats and incorporates paragraphs 1 through 39
    as though set forth in full.
21

22 ‖     41.   An actual controversy has arisen and exists regarding the
23 ‖ rights of the parties with regard to the Program and the Materials,
    and defendants' infringing uses in the State of Israel.
24

25 ‖     42.   Landmark contends that Ronen and Academy, and each of
    them, have no right, privilege, permission, or authorization to ac-
26

ANGELL, BRUNNER
& ANGELL
SAN FRANCISCO

COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.                page 15

1  cess, record, reproduce, copy, or otherwise duplicate some or all of
2  the Program and the Materials in California or to commercially use,
3  reproduce, publish, broadcast, disclose, duplicate, sell and resell,
4  or repackage, orally or in writing, the Program and the Materials in
5  seminars, training programs, workshops, consulting, and similar busi-
6  ness activities.  Landmark is informed and believes and on that basis
7  alleges that Ronen and Academy, and each of them, contend otherwise.

8       43.    Landmark desires a judicial determination that Landmark's
9  rights in the Program and the Materials prevent and preclude Ronen
10 and Academy, and each of them, from commercially exploiting the Pro-
11 gram and Materials as herein alleged.

12      44.    A judicial declaration is necessary and appropriate at
13 this time and under the circumstances so that the parties may ascer-
14 tain their rights, in relation to one another, in the Program and the
15 Materials.

16      WHEREFORE, Landmark prays for judgment as set forth below.

17                              PRAYER

18      1.    For judgment that Ronen and Academy, and each of them:
19 (a) have willfully infringed and are willfully infringing Landmark's
20 rights in Landmark's registered copyright, in violation of 17 USC
21 §501, *et seq.*, and (b) therefore have caused, are causing, and will
22 cause Landmark to suffer substantial losses and severe and irrepara-
23 ble harm;

24      2.    For preliminary and permanent injunctive relief against
25 Ronen and Academy, and each of them, and against any and all agents,
26 employees, associates, representatives, servants, successors and

ANGELL, BRUNNER
& ANGELL
SAN FRANCISCO

COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.                    page 16

1 assigns of said defendants, and each of them, and all others in ac-
2 tive concert or participation with them, that they be enjoined and
3 restrained from any direct and indirect infringing use of or commer-
4 cial application of the Program and the Materials, or the Program or
5 the Materials, including using, reproducing, publishing, broadcast-
6 ing, disclosing, duplicating, selling and reselling, and repackaging,
7 orally and in writing, the Program and the Materials in seminars,
8 training programs, workshops, consulting, and similar business activ-
9 ities;

10    3.    For damages including for Landmark's losses and for all
11 profits Ronen and Academy, and each of them, have made, pursuant to
12 17 USC §504(b) for at least the three years preceding the filing of
13 this complaint; or, alternatively, for statutory damages pursuant to
14 17 USC §504(c), and for enhancement of said statutory damages pursu-
15 ant to 17 USC §504(c)(2) because of Ronen's and Academy's willful
16 infringement;

17    4.    For:    (a) injunctive relief as and against Ronen and
18 Academy, and each of them, and their licensees, if any, pursuant to
19 17 USC §502, (b) an order impounding copies of all infringing and
20 derivative materials pursuant to 17 USC §§503, (c) an order freezing
21 the bank accounts used by Ronen and Academy, and each of them, to
22 profit from their infringing conduct, (d) a full and complete ac-
23 counting, and (e) the imposition of a constructive trust in favor of
24 Landmark for all said profits;

25    5.    For damages, including loss of business, loss of partici-
26 pants, and damage to Landmark's business reputation and goodwill

ANGELL, BRUNNER
& ANGELL
SAN FRANCISCO

COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.                    page 17

1 | pursuant to applicable law;

2 |       6.    For exemplary and punitive damages on the third and
3 | fourth claims for relief in an amount for the sake of example and by
4 | way of punishing defendants;

5 |       7.    For costs of suit and reasonable attorneys' fees incurred
6 | by Landmark to prosecute the within action; and,

7 |       8.    For such other and further relief as this Court may deem
8 | just and proper.

9 | Dated: May 28 , 2009

10 |                          ANGELL, BRUNNER & ANGELL

11 |

12 |                     by Stephen P. Brunner
13 |                     Attorneys for Plaintiff
                      LANDMARK EDUCATION LLC, a
14 |                     Delaware limited liability company

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

COMPLAINT FOR COPYRIGHT INFRINGEMENT, ETC.                page 18

# EXHIBIT A

אחרי שעתיים של ביקור בתוכנית הבסיסית, אמרה שרה ארבל, מאמנת אישית וותיקה בשוק, שברור לה ש:
"Tal Tapped into the universal wisdom".זאת דרך מעניינת לומר זאת.
בתחילה לא נהיה מובנים, כמו כל שפה חדשה (וכאן תלמדו שפה המורכבת מכמה שפות). אם תורידו את
מעיל הרוח ואת מעיל הגשם, תחושו עד לעומק עצמותיכם את התוצאות.

אבקש מכם סבלנות! אינני מצפה שתהיה לכם. אני מכיר את העיצוב האנושי, זה לא אפשרי עבורכם. בכל
זאת, מתחילתה של התוכנית ועד לסיומה אתם מתבקשים להישאר בשדה הפתוח. לרגעים תרצו לקחת את
הרגליים וללכת הביתה- אל תעשו זאת, חרטו הסכם עם עצמכם.

הפילוסופיה, הסגנון, הביטוי והצבע שלי פותחו על ידי והם חלק ממי שאני, ניסיוני ועיצובי – כל"ל יהיה
הסגנון הייחודי שאתם תפתחו לעצמכם.

מכיוון שאימון הינו דרך חיים ומקום להיות בו, לבוא ממנו, לחשוב מתוכו – הסגנון שלי הוא שלי.
כמו סגנון, כמו צליל, כמו צבעים- אין כאן נכון או לא נכון, צודק או לא צודק – יש מה שיעבוד בשבילך ומה
שיעבוד לאחר.

## TRANSFORMATION: THE GENESIS OF A NEW REALM OF POSSIBILITY:

\* New possibilities for being call you powerfully into being.

\* New openings for action call you powerfully into action.

\* A new view and experience of life emerges

We are using the word "possibility" here in an unconventional way. As we use the word here, it distinguishes a phenomenon that exists in, and impacts the present, rather than its ordinary meaning, where the word "possibility" represents an "outcome" or "goal" in the future that might happen/ maybe will happen.

- Genesis: the way in which something comes to be beginning; origin

- Realm: a domain; region; sphere; area; kingdom

- bring forth: to give birth; to produce; to make known; disclose

המתודולוגיה שלנו לאימון הינה סרנספורמטיבית באופייה ובמהותה.
זאת פילוסופיית חיים של "הוויה" ולא העתק או כללים כתובים. אנו נשים דגש באימון שלכם על "ההתהוות
שלכם כמאמנים" . ניכנס "למאורת השפן" ולשאלות עיצוביות שוב ושוב ללא הרף, נבחן את העיצוב האנושי
בחקירה אינטנסיבית לעומק הוויתנו על רמותיה השונות.

**2**

© כל הזכויות שמורות ל- COACHING אימון לטרנספורמציה ארגונית בע"מ.

יג/פרדיגמה

# ניהול על פי הקשר

| הקשר | תהליך | תוכן |
|---|---|---|
| ◆ כוונה | ◆ שיטות | ◆ מידע |
| ◆ מסגרת התייחסות | ◆ טכניקות | ◆ נתונים |
| ◆ לחיות | ◆ דרכי פעולה | ◆ חסבר |
| | ◆ ניסיון / חוויה | ◆ ניתוח |
| | | ◆ קונספציה |
| | | ◆ אינפורמציה |
| **BE** | **DO** | **HAVE** |

יהבי̇ו בשׂירי ,וסי אלר הפּל

© כל הזכויות שמורות ל-COACHING אימון לטרנספורמציה ארגונית בע״מ

# EXHIBIT B

Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

R **TXu 1-120-461**

TXU 120461

**EFFECTIVE DATE OF REGISTRATION**

| 8 | 15 | 2003 |
|---|---|---|
| Month | Day | Year |

---

**DO NOT WRITE ABOVE THIS LINE IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET**

**1** **TITLE OF THIS WORK ▼**

The Landmark Forum Leaders Manual

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical serial or collection give information about the collective work in which the contribution appeared   **Title of Collective Work ▼**

If published in a periodical or serial give   **Volume ▼**   **Number ▼**   **Issue Date ▼**   **On Pages ▼**

**2** **NAME OF AUTHOR ▼**

**a** Landmark Education LLC

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ USA
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
If the answer to either of these questions is "Yes" see detailed instructions

**NOTE**

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼
Editorial revisions and new text

Under the law the "author" of a "work made for hire" is generally the employer not the employee (see instructions) For any part of this work that was made for hire check "Yes" in the space provided give the employer (or other person for whom the work was prepared) as "Author" of that part and leave the space for dates of birth and death blank

**NAME OF AUTHOR ▼**

**b**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes" see detailed instructions

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼

**NAME OF AUTHOR ▼**

**c**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes" see detailed instructions

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed ▼

**3** **a** **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
2003 ◀ Year

**b** **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.
Month ▶ _____ Day ▶ _____ Year ▶ _____ ◀ Nation

**4** **COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼

Landmark Education LLC 353 Sacramento Street Suite 200 San Francisco CA 94111

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2 give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

See instructions before completing this space.

**APPLICATION RECEIVED**
AUG 15 2003
**ONE DEPOSIT RECEIVED**
AUG 15 2003
**TWO DEPOSITS RECEIVED**
**FUNDS RECEIVED**

---

**MORE ON BACK ▶** Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions   Sign the form at line 8

**DO NOT WRITE HERE**
Page 1 of ___ pages

*Special relief granted under 37 C F R 202 20(d)

**EXAMINED BY** slm

**CHECKED BY**

☑ **CORRESPONDENCE**
Yes

**FORM TX**

**FOR COPYRIGHT OFFICE USE ONLY**

DO NOT WRITE ABOVE THIS LINE IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☑ Yes ☐ No If your answer is Yes why is another registration being sought? (Check appropriate box ) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form

b ☐ This is the first application submitted by this author as copyright claimant

c ☑ This is a changed version of the work, as shown by space 6 on this application

If your answer is "Yes" give Previous Registration Number ▶ TXu 943 557       Year of Registration ▶ 2000

**5**

**DERIVATIVE WORK OR COMPILATION**
Preexisting Material Identify any preexisting work or works that this work is based on or incorporates ▼

The Landmark Forum (Reg No TXu 943 557)

Material Added to This Work Give a brief general statement of the material that has been added to this work and in which copyright is claimed ▼

Editorial revisions and new text

**a**

**6**

See instructions before completing this space

**b**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office give name and number of Account
Name ▼                          Account Number ▼

Fee submitted herewith

**a**

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent   Name/Address/Apt/City/State/ZIP ▼

James R Robinson Baker Botts L L P One Shell Plaza 910 Louisiana Houston TX 77002-4995

**b**

Area code and daytime telephone number ▶ 713 229 2156       Fax number ▶ 713 229 7956

Email ▶ james robinson@bakerbotts com

**CERTIFICATION** I the undersigned hereby certify that I am the       ☐ author
Check only one ▶       ☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of **Landmark Education LLC**
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3 do not sign and submit it before that date

Arthur Schreiber       Date ▶ AUGUST 6, 2003

Handwritten signature (X) ▼

X _____

**Certificate will be mailed in window envelope to this address**

Name ▼
James R Robinson

Number/Street/Apt ▼
Baker Botts L L P   One Shell Plaza 910 Louisiana

City/State/ZIP ▼
Houston TX 77002-4995

**9**

• Complete all necessary spaces
• Sign your application in space 8

1 Application form
2 Nonrefundable filing fee in check or money order payable to Register of Copyrights
3 Deposit material

MAIL TO
Library of Congress
Copyright Office
101 Independence Avenue S E
Washington, D C 20559-6000

17 U S C § 506(e) Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409 or in any written statement filed in connection with the application shall be fined not more than $2 500

Rev June 2002—20 000   Web Rev June 2002   ♻ Printed on recycled paper       U S Government Printing Office 2000-461 113/20 021